**TRAYLOR LAW OFFICE, PC**
Michael S. Traylor (SBN 136814)
8601 Lincoln Blvd. 180
Suite 525
Los Angeles, CA 90045
(310 401-6610 ph
(661) 480-1200 fax

Attorney for Defendants Damon
Dash et al.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| MONIQUE BUNN<br><br>Plaintiff,<br><br>v.<br><br>DAMON ANTHONY DASH, ET AL.<br><br>Defendants. | Case No.: 2:20-cv-07389-DMG-JC<br><br>DEFENDANTS' JOINT MEMORANDUM OF CONTENTIONS OF FACT AND LAW<br><br>TRIAL DATE: September 6, 2022<br>TIME: 8:30 a.m.<br>COURTROOM: 8C<br>JUDGE: Hon. Dolly Gee |

COME NOW, the Defendants in the within action (by and through their attorney of record, Michael S. Traylor) submitting Defendants' Joint Memorandum of Contentions of Fact and Law, as follows:

I. <u>Statement of Claims</u>

According to Plaintiffs' memorandum, Plaintiff Monique Bunn is pursuing claims for lconversion, sexual assault, emotional distress and defamation.

    a. **Sexual Battery**: Plaintiff contends that a sexual battery occurred under Califonria law. While there appears to be no dispute over the applicability of the law of the State of California in connection with this claim; Defendants deny that any such conduct occurred. Defendants will prove that Plaintiff manufactured this claim after being caught make fraudulent purchases with Defendants credit card and attempting to steal computer equipment from Defendants. An exchange regarding same was captured on video. Defendants will testify in support of their contentions and produce additional witnesses to support same. Defendants will also present a videotape in the wake of the incident which clearly illustrates Defendants' position.

    b. **Defamation**: Plaintiff contends that she was defamed "through social media and e-mails to the Court". Defendants contend that no such defamation occurred and any social media posts were truthful. Defendants further contend that any "emails to the

Court" fall within the litigation privilege. Defendants will testify in this regard, present the above-referenced video and third-party, eyewitness testimony in support of Defendants' position.

c. **Intentional Infliction of Emotional Distress:** Plaintiff asserts both Pennsylvania and California law for her IIED claim. Defendants contend that Pennsylvania law is inapplicable. Factually, Defendants contest the occurrence of any "outrageous conduct" and/or any "severe emotional distress" suffered by Plaintiff. The evidence is substantially the same as the evidence referenced above.

d. **Conversion**: While the Court in its ruling on the cross Motions for Summary Judgment has determined that a "conversion" occurred; Defendants contend that the following defenses are applicable:

   i. Consent or permission;
   
   ii. Lack of value;
   
   iii. Abandonment of property;
   
   iv. Qualified refusal;
   
   v. Waiver/Estoppel;
   
   vi. Interest of Defendant and
   
   vii. Privilege

Furthermore, Defendants contend that Plaintiff was not damaged (and did not mitigate damages). The evidence is substantially the same as the evidence referenced above.

## II. Bifurcation of Issues

Defendants contend that the liability and damages phases should be bifurcated. Rule 42(b) confers broad discretion on the Court to bifurcate a trial involving separate issues or claims for "convenience, to avoid prejudice, or to expedite and economize" the proceedings. Fed. R. Civ. P. 42(b).

## III. Jury Trial

All parties have requested a jury trial.

## IV. Attorney Fees

Attorney fees are not recoverable by Plaintiff in the action.

///

///

///

V. <u>Abandonment</u>

Defendants have not abandoned any defenses.

DATED: July 26, 2022                              Respectfully Submitted

*Michael S. Traylor*

Michael S. Traylor, Esq.
Attorney for Defendants