UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 20-7389-DMG (MRWx) | Date | July 27, 2022 |
| Title | *Monique Bunn v. Damon Anthony Dash, et al.* | Page | 1 of 2 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED FOR COUNSEL'S FAILURE TO COMPLY WITH COURT'S SCHEDULING AND CASE MANAGEMENT ORDER**

On April 21, 2022, the Court issued an Amended Schedule, setting a July 19, 2022 deadline for the parties' *joint* pretrial submissions. Doc. # 218; *see also* Scheduling and Case Management Order ("CMO") [Doc. # 103]. Plaintiff's counsel unilaterally filed pretrial documents, without participation from Defendants. [*See* Doc. ## 222-26.] Absent jointly submitted pretrial documents compliant with the CMO, this case is not trial ready. According to Plaintiff's counsel, Defendants' counsel did not respond to his communications regarding the pretrial documents. Brown Decl. ¶ 2 [Doc. # 226-1].

As the parties are well aware, this is not the first time Defendants' counsel has missed court-ordered deadlines and delayed this case. The Court previously referred Defendants' counsel to the Standing Committee on Discipline and sanctioned him in the sum of $1,000. [Doc. ## 214-15.] At a hearing on April 15, 2022, the Court received assurances from Defendants' counsel that he would be ready for the September 6, 2022 trial. On the basis of those reassurances and the fact that less severe sanctions had already been imposed, the Court denied Plaintiff's motion for terminating sanctions, noting, "[h]opefully, Defendants have learned their lesson and a trial on the merits will be able to proceed in good faith in September, should the parties not resolve this matter on their own before then." [Doc. # 217.] Apparently, this was wishful thinking.

Accordingly, Defendants' counsel is **ORDERED TO SHOW CAUSE** why sanctions should not be imposed for his failure to timely cooperate in the filing of pretrial documents. These sanctions may include, but are not limited to, striking Defendants' Answer and entering default against them. Counsel's written response shall be filed by **August 3, 2022**. The filing of a *joint* set of pretrial documents in compliance with the CMO by that date will be deemed a satisfactory response.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 20-7389-DMG (MRWx) | Date | July 27, 2022 |
| Title | *Monique Bunn v. Damon Anthony Dash, et al.* | Page | 2 of 2 |

  Defendants' counsel is further **ORDERED** to serve this Order on his clients, Defendants Damon Dash and Raquel Horn, and file the proof of service by August 3, 2022. The Court previously warned Defendants' counsel that his motion to withdraw would be denied so long as his clients did not agree to his withdrawal of the representation. Dash and Horn should understand that their desire to keep their current lawyer may result in the entry of default against them—*i.e.*, losing the case automatically—due to their lawyer's unwillingness or inability to defend the case.

**IT IS SO ORDERED**.