Dina Adham (State Bar No. 203048)
LAW OFFICES OF DINA ADHAM
1230 Rosecrans Avenue, Suite 300, PMB 698
Manhattan Beach, California 90266
Telephone:   (310) 384-0843
E-Mail: dadham@adhamlawgroup.com

Christopher Brown-Pro Hac Vice
Brown & Rosen LLC
100 State Street, Suite 900
Boston, MA 02109
Telephone: (617) 728-9111
E-Mail: cbrown@brownrosen.com

Attorneys for Plaintiff
Monique Bunn

# UNITED STATES DISTRICT COURT

## CENTRAL DIVISION OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| MONIQUE BUNN<br><br>               Plaintiff,<br><br>vs.<br><br>DAMON ANTHONY DASH, DAME DASH STUDIOS, POPPINGTON LLC, THE DASH GROUP LLC AND RAQUEL HORN<br><br>              Defendants. | **CASE NO. 20-CV-07389-DMG**<br>**CASE NO. 20-CV-11633-DMG**<br><br>AMENDED PLAINTIFF'S  RULE 16.4 MEMORANDUM OF CONTESTED FACTS<br><br>Judge:  Hon. Dolly Gee<br>Time:  N/A<br>Courtroom: 8C |

# Table of Contents

|  | PAGE |
|---|---|
| **I. INTRODUCTION** | 5 |
| **II. PARTIES CLAIMS AND DEFENSES** | 6 |
| **Summary:** | 7 |
| **Elements and Identification of Issues of Law:** | 7 |
| **Key Evidence:** | 13 |
| **Damages:** | 14 |
| **Affirmative Defenses:** | 16 |
| **III. ANTICIPATED  EVIDENTIARY ISSUES** | 16 |
| **IV. BIFURCATION OF ISSUES** | 16 |
| **V. JURY TRIAL** | 16 |

PLANTIFF'S RULE 16.4 CONTESTED FACTS

1

**TABLE OF AUTHORITIES**

2

*Angie M. v. Superior Court (1995)* 37 Cal. App. 4th 1217                     7,8

3

*Aronson v. Wiersma*, 65 NY2d 592 (1985)                                     12

4

*Ayash v. Dana-Farber Cancer Institute*, 443 Mass. 367 (2005)                12

5

6

*Bargerstock v. WGCC,* 580 A.2d 361 ( Superior Court, PA 1990)               15

7

*Borne v. Haverhill Golf & Country Club, Inc.*, 58 Mass. App.
8  Ct. 306  (2003)                                                           15

9

*Clemente v. Espinosa*, 749 F. Supp. 672 (E.D. Pa. 1990)                     11
10

11  *Farber v. Jefferys*, 33 Misc 3d 1218[A], 2011 NY Slip Op
    51966[U], *15 [Sup Ct, NY County 2011], affd 103 AD3d 514
12  (1st Dept 2013), lv denied 21 NY3d 858(2013)                             13

13

*Hoy v. Angelone*, 691 A.2d 476, 456 Pa. Super. 596 (Pa. Super. Ct. 1997)   10
14

15  *Hughes v. Pair*, 46 Cal.4th 1035  (2009)                               10

16  *Hunger v. Grand Central Sanitation*, 670 A.2d 173 (Pa. Super. 1996)    10

17

18  *K.T. v. Dash,* 2006 NY Slip Op 09393 [37 AD3d 107]
    December 14, 2006                                                       14

19

20  *MacElree v. Philadelphia Newspapers*, 544 Pa. 117 (Pa. 1996)           9

21  *Mallory v. S & S Publishers*, 260 F. Supp. 3d 453, 465
    (E.D.Pa. May 9, 2017), aff'd sub nom.                                   11
22

23  *Mallory v. Simon & Schuster, Inc.*, No. 17-2239, 2018 WL
    1559926 (3d Cir. Mar. 29, 2018)                                        11
24

25  *Menkowitz v. Peerless Publications,* No. 40 MAP 2018
    (Supreme Court of PA)                                                   15
26

27  *Molien v. Kaiser Foundation Hospitals*, 27 Cal.3d 916 (1980)          12

28

*Plotnik v. Meihaus*, 208 Cal.App.4th 1590 (2012)    10

*Roland Van Liew v. Philip Eliopoulos*, 92 Mass. App. Ct. 114 (2017)    15

*Sprague v. Philadelpia Newspapers, Inc.,* 441 Pa Super. 1
656 A.2d. 890 (1995)    15

*Steinhilber v. Alphonse*, 68 NY2d 283 (1986)    12

*Weaver v. Lancaster Newspapers, Inc.*, 592 Pa. 458  (Pa. 2007)    8

Rules and Statutes

California Civil Code section 1708.5    7

42 Pa. Cons. Stat. Ann. § 8343(a)    9

42 Pa. Cons. Stat. Ann. § 8343(b)(1)    9

PLANTIFF'S RULE 16.4 CONTESTED FACTS

## I. INTRODUCTION

Monique Bunn ("Bunn" of "Plaintiff") file the instant Memorandum pursuant to L.R. 16-4.   Bunn contends that Damon Dash ("Dash"), Raquel Horn ("Horn" or "Dash"),  Poppington LLC d/b/a Damon Dash Studios ("Poppington") (collectively "Defendants") have liability for conversion, sexual assault and  emotional distress under California law.  Bunn also contends that defendants have liability for defamation  and emotional distress to the Plaintiff under Pennsylvania  law.

The Court has granted summary judgment  on the issue  of conversion relating to the 100,000 photographs against the defendants.

After being sued for sexual assault and conversion in December 2019 by Bunn, the  defendants  posted  numerous posts and a video on Dash's and Poppington's (damedashstudios) social media and provided the video to news outlets stating that Bunn was a thief and tried to rob Dash.  These postings lead to Bunn filing another lawsuit for defamation. Dash and Poppington are responsible for defamation and Dash and Horn own Poppington. The video and postings were intended to defame Plaintiff. Plaintiff never tried to "rob" Defendants and was never "caught" doing so.  Defendants simply retaliated against Bunn for refusing Dash's sexual advances and for the filing of the initial lawsuit.

PLANTIFF'S RULE 16.4 CONTESTED FACTS

1
2
3
4   In April 2019, Dash assaulted Bunn in his residence. Dash sexually
5   touched Bunn without her consent. After leaving California in April 2019, Bunn
6   subsequently contacted California authorities to make her claim.   Bunn was
7   informed during the covid pandemic, that she needed to return to California to
8   make the claim. Bunn was unable to do so.
9
10   After the defendants were sued in December 2019, Defendants posted a
11   video on Dash's and  Poppington's (damedashstudios) social media and
12   provided it to news outlets. Dash, Horn (who took part in the video) and
13   Poppington are all responsible for defamation. Dash and Horn own Poppington.
14   The video and posting were intended to defame Plaintiff. Plaintiff never tried to
15   "rob" Defendants and was never "caught" doing so.  Defendants simply
16
17   retaliated against Bunn for refusing Dash's sexual advances.
18
19   Bunn has suffered emotional distress claims under both California and
20   Pennsylvania law.
21
22
23   ## II. PARTIES CLAIMS AND DEFENSES
24   The Court has granted Bunn summary judgment on her claim for
25   conversion.  The Court also ruled that  Bunn's claims for defamation and
26
27   sexual assault will proceed  to trial against the defendants.
28

**Summary:** Through social media and emails to the Court, the defendants have defamed Bunn and Dash has sexually assaulted Bunn.   All the defendants have been found  responsible for converting the property of  Bunn.

**Elements and Identification Of Applicable Law:**

**California law for Sexual Battery**

Under California law, to establish a claim of sexual battery, a plaintiff must prove the following: (1) that the defendant intended to cause offensive contact with the plaintiff's sexual organs, and a sexually offensive contact results, either directly or indirectly; (2) the plaintiff did not consent to the touching; and (3) the plaintiff was harmed by the defendant's conduct. Cal. Civ. Code, §1708.5 (Although not expressly included in the language of the statute, Civil Code §1708.5 has been interpreted to require that the person battered did not consent to the contact. Angie M. v. Superior Court, 37 Cal.App.4th 1217, 1225 (1995)). "Offensive contact" means contact that offends a reasonable sense of personal dignity. Cal. Civ. Code, §1708.5(d)(2).

The elements of a sexual assault claim under California law are as follows:

1.   That the defendant(s) (persons against whom the action is brought, intended to cause a harmful or offensive contact with plaintiff's "sexual organ, anus, groin, buttocks or breast", and a sexually offensive contact with plaintiff resulted, either directly or indirectly; [OR]

That defendant(s) intended to cause a harmful or offensive contact with plaintiff by use of defendant(s)'s sexual organ, anus, groin, buttocks, or breast, and a sexually offensive contact with plaintiff resulted, either directly or indirectly; [OR]

That defendant(s) "caused an imminent fear of a harmful or offensive contact" with plaintiff's sexual organ, anus, groin, buttocks or breast …

    2.    Plaintiff did not consent to the touching; and

    3.    Plaintiff was harmed or offended by defendant's conduct.

Cal. Civ. Code, §1708.5

A cause of action for sexual battery under Civil Code section 1708.5 requires the batter intend to cause a "harmful or offensive" contact and the batteree suffer a sexually offensive contact. Moreover, the section interprets to require that the batteree did not consent to the contact. Angie M. v. Superior Court, (1995) 37 Cal. App. 4th 1217, 1225.

**Pennsylvania law on Defamation**

Under Pennsylvania law, to establish a claim for defamation, a plaintiff must prove the following elements: (1) the defamatory character of the communication; (2) its publication by the defendant; (3) its application to the plaintiff; (4) the understanding by the recipient of its defamatory meaning; (5) the understanding by the recipient of it as intended to be applied to the plaintiff; (6) special harm resulting to the plaintiff from its publication; and (7) abuse of a conditionally privileged occasion.

42 Pa.C.S. § 8343(a)(1-7); <u>Weaver v. Lancaster Newspapers, Inc.</u>, 592 Pa. 458, 465-66 (Pa. 2007).

Under Pennsylvania defamation law, a communication will be considered defamatory if it "tends so to harm the reputation of [the complaining party] as to lower him in the estimation of the community or to deter third persons from associating or dealing with him." <u>MacElree v. Philadelphia Newspapers</u>, 544 Pa. 117, 124-125 (Pa. 1996). Pennsylvania has a one-year statute of limitations for defamation. See 42 Pa. Cons. Stat. § 5523(1).

**California law of Intentional Infliction of Emotional Distress**

Under California law, to prove a claim for intentional infliction of emotional distress, a plaintiff must prove that: (1) the defendant's conduct was outrageous; (2) the conduct was intended to cause plaintiff emotional distress; or the defendant acted with reckless disregard of the probability that plaintiff would suffer emotional distress, knowing that plaintiff was present when the conduct occurred; (3) the plaintiff suffered severe emotional distress; and (4) the defendant's conduct was a substantial factor in causing the plaintiff's severe emotional distress.

A defendant's conduct is 'outrageous' when it is so 'extreme as to exceed all bounds of that usually tolerated in a civilized community.' The defendant's conduct

must be 'intended to inflict injury or engaged in with the realization that injury will result.'" <u>Hughes v. Pair</u>, 46 Cal.4th 1035,1050-1051 (2009).

"The trial court initially determines whether a defendant's conduct may reasonably be regarded as so extreme and outrageous as to permit recovery. Where reasonable men can differ, the jury determines whether the conduct has been extreme and outrageous to result in liability. Otherwise, the court determines whether severe emotional distress can be found; the jury determines whether on the evidence it has, in fact, existed." <u>Plotnik v. Meihaus</u>, 208 Cal.App.4th 1590, 1614 (2012).

**Pennsylvania law on Intentional Infliction of Emotional Distress**

Under Pennsylvania law, to prove a claim for intentional infliction of emotional distress, a plaintiff must prove: (1) extreme and outrageous conduct; (2) that is intentional or reckless; (3) emotional distress resulting from the conduct; and (4) that the emotional distress is severe. <u>Hoy v. Angelone</u>, 691 A.2d 476, 456 Pa. Super. 596 (Pa. Super. Ct. 1997). Extreme and outrageous conduct is that which goes beyond all possible bounds of decency and would be regarded as atrocious and utterly intolerable in a civilized community. <u>Hunger v. Grand Central Sanitation</u>, 670 A.2d 173 (Pa. Super. 1996). Severe means that it is such that no reasonable person could be expected to endure it. In determining whether the emotional distress suffered by the plaintiff was severe, you may consider both the intensity of the distress and its duration.

1

2    In this case, Dash engaged in a battery, and Bunn suffered emotional distress as

3    a result.  Bunn explains in her Declaration that the trauma of the event has caused her

4    stress, sleepless nights and anxiety.  She has sought medical attention from Dr. Jeffrey

5    Pinsk.  Dr. Pinsk, an internist and the author of a book relating to PTSD and anxiety,

6    has noted that Bunn suffers from PTSD, anxiety and other conditions as a result of the

7    sexual assault.

8

9    It is undisputed that Defendants defamed Plaintiff.[1] Under Pennsylvania law,

10   "[d]efamation per se may consist of words imputing (1) criminal offense, (2)

11   loathsome disease, (3) business misconduct, or (4) serious sexual misconduct."

12   Mallory v. S & S Publishers, 260 F. Supp. 3d 453, 465 (E.D. Pa. May 9, 2017),

13   aff'd sub nom. Mallory v. Simon & Schuster, Inc., No. 17-2239, 2018 WL

14   1559926 (3d Cir. Mar. 29, 2018) (quoting Clemente v. Espinosa, 749 F. Supp.

15   672, 677 (E.D. Pa. 1990)).  A defendant can only escape liability if he shows

16   that his statements were "substantially true."  See 42 Pa. Cons. Stat. Ann. §

17   8343(b)(1).[2]

18

19

20

21

22   A plaintiff is the direct victim of negligent infliction of emotional distress if (1) the

23

24   defendant was negligent, and (2) as the result of the defendant's negligence, the

25

26

27   [1] In December, 2019-Janury 2020 after Dash was sued by Bunn, Dash published a video and post
     alleging that Bunn attempted to steal and rob from him.  Bunn was in her home state when Dash
     posted the video on his social media.

28   [2] The analysis would be substantially the same under California law.

plaintiff suffered emotional distress. <u>Molien v. Kaiser Foundation Hospitals</u>, 27 Cal.3d 916 (1980).

Words that are challenged as defamatory "must be construed in the context of the entire statement or publication as a whole, tested against the understanding of the average reader . . . ." <u>Aronson v. Wiersma</u>, 65 NY2d 592, 594 (1985). All relevant factors may be considered in determining whether a word or statement is defamatory. <u>Farber v. Jefferys</u>, 33 Misc 3d 1218[A], 2011 NY Slip Op 51966[U], *15 [Sup Ct, NY County 2011], affd 103 AD3d 514 (1st Dept 2013), lv denied 21 NY3d 858(2013), citing <u>Steinhilber v. Alphonse</u>, 68 NY2d 283, 291-292 (1986).  Courts have considerable discretion in deciding whether a statement is defamatory, guided only by "the words themselves and their purpose, the circumstances surrounding their use, and the manner, tone and style with which they are used . . ." <u>Steinhilber</u>, 68 NY2d at 291-292). Defendants posted the following about Bunn and Attorney Christopher Brown on December 28, 2019.

In this case, after being sued by Plaintiff on December 26, 2019 (Docket Entry 1) for sexual battery and the conversion of her belongings, Defendants posted a "movie" online on December 27, 2019, made in April 2019, in which he accused Plaintiff of trying to steal from him.  The full video can be viewed at:

https://www.worldstarhiphop.com/videos/video.php?v=wshh521J2N5gO2veK

XNi.  The video was seen over one million (1,000,000) times.

**Key Evidence:**

The Court has granted summary judgment on behalf of Ms. Bunn on her conversion claim.  Poppington LLC,  Dash and Horn have been found to be liable for the conversion of over 100,000 photographs and her belongings, many of which have not been returned.  The documents provided in discovery establish the damages which are in excess of One Million Dollars ($1,000,000) and establish that the computers no longer work which contained all Bunn's photographs.  The photos are forever lost.

Bun will testify to her claim of sexual assault.  Bunn will explain the actions unlawfully committed by Dash and  the trauma of the events that  has caused her stress, sleepless nights and anxiety.  She has sought medical attention from Dr. Jeffrey Pinsk.  Dr. Pinsk, an internist and the author of a book relating to PTSD and anxiety, has noted that Bunn suffers from PTSD, anxiety and other conditions as a result of the sexual assault. Bunn will also testify to her damages and the unauthorized sexual battery Dash committed.  Bunn will also testify to previous sexual advances and produce a  picture of Mr. Dash brandishing his penis while he sat in  a car with  Bunn in New York.

Ms. Harper will testify that Mr. Dash raped her  and Ms. Levine will also testify that Mr. Dash committed sexual assaults while she worked with Mr. Dash. There is

PLANTIFF'S RULE 16.4 CONTESTED FACTS

also the Washington Post article relating to Mr. Dash's rape case from the 1980's that will be introduced at trial and Mr. Dash settlement of his rape case, <u>KT v. Dash</u>, New York County, Supreme Court in 2006-2007.

In addition, Dr. Pinsk (internist) has also provided a report relating to the sexual assault and the PTSD, anxiety and emotional distress Bunn has suffered. The forensic economist, Stan Smith, has placed damages on the harm suffered by Ms. Bunn at over Two Million Dollars ($2,000,000.00).

Sameer Somal, CEO of Blue Ocean Global Technology has prepared a report relating to defamation damages and the damages exceed Five Million Dollars ($5,000,000.).

.

**Damages:** Bunn will testify as to the damages Plaintiff has suffered. Bunn will produce an expert witness, Sameer Somal, CEO of Blue Ocean Global Technology who has prepared a report relating to damages. Mr. Somal concluded that the following damages are appropriate:

Economic Damages: $2,550,000

Reputational Damages: $2,500,000

Emotional Distress: $1,000,000

Punitive Damages: $5,000,000

Compensatory Damages: $150,000

Based on the wealth of evidence of the intent of Dash and the scope of the false statements, the damages award should be no less than Five Million Dollars

1   ($5,000,000.00) based on the expert report of Blue Ocean Global Technology, which

2   includes   Two Million Five Hundred Dollars ($2,500,000.00) to repair the on-line

3   reputation and Two Million  Five Hundred Thousand Dollars ($2,500,000.00) in

4   reputation damages, and monetary damages.   See Expert Report of Blue Ocean

5

6   Global Technology;  <u>Roland Van Liew v. Philip Eliopoulos</u>, 92 Mass. App. Ct. 114

7   (2017) (The jury found Van Liew liable for making  defamatory statements and

8   awarded $2.9 million in, damages to Eliopoulos: reputational damages of $2.5 million,

9

10  emotional distress damages of $250,000, and compensatory damages of $150,000;

11  <u>Ayash v. Dana-Farber Cancer Institute</u>, 443 Mass. 367, 371, 406-408 (2005)

12

13  (affirming $2.1 million defamation award, including emotional distress awards of

14  $1,440,000 against newspaper and $360,000 against reporter); <u>Borne v. Haverhill Golf</u>

15  <u>& Country Club, Inc.</u>, 58 Mass. App. Ct. 306 , 319-321 (2003) (concluding $424,000

16

17  emotional distress award not excessive). Bunn has been humiliated and suffered

18  emotional distress due the false statements of the defendants and Bunn's career has

19  been harmed due to the allegations of the defendants. See also, <u>Bargerstock v. WGCC,</u>

20

21  580 A.2d 361 ( Superior Court, PA 1990), <u>Bargerstock v. WGCAC :: 1990 :: Supreme</u>

22  <u>Court of Pennsylvania Decisions :: Pennsylvania Case Law :: Pennsylvania Law :: US</u>

23  <u>Law :: Justia;</u> <u>Menkowitz v. Peerless Publications,</u> No. 40 MAP 2018 (Supreme Court

24

25  of PA); <u>Menkowitz. v. Peerless Publications :: 2019 :: Supreme Court of Pennsylvania</u>

26  <u>Decisions :: Pennsylvania Case Law :: Pennsylvania Law :: US Law :: Justia</u>; <u>Sprague</u>

27  <u>v. Philadelpia Newspapers, Inc.,</u> 441 Pa Super. 1 656 A.2d. 890 (1995).

28

For the sexual assault and emotional distress, Bunn is entitled to an additional Seven Million Dollars ($7,000,000.00) in addition to her conversion claim.

**<u>Affirmative Defenses:</u>**

None

### <u>III. ANTICIPATED EVIDENTIARY ISSUES</u>

Plaintiff does not anticipate any evidentiary issues.

### <u>IV. BIFURCATION OF ISSUES</u>

There is no need to bifurcate any issues.

### <u>V. JURY TRIAL</u>

All issues are to be tried by jury.

> Dina Adham, Esq.
> Law Offices of Dina Adham
> 1230 Rosecrans Avenue, Suite 300 PMB #698
> Manhattan Beach, CA 90266
> (310) 384-0843
> dadham@adhamlawgroup.com
>
>
> Christopher Brown
> Brown & Rosen LLC
> 100 State Street, Suite 900
> Boston, MA 02109
> 617-728-9111
> cbrown@brownrosen.com

August 2, 2022                *Counsel for Plaintiff*

1

<u>PROOF OF SERVICE</u>

2

3

BOSTON, MASSACHUSETTS

4

      I am employed in the Suffolk County, Boston, Massachusetts.  I am over the age of eighteen

5

years and not a party to the within action.  My business address is Brown & Rosen LLC, 100 State Street, Suite 900, Boston, MA 02109.  My address for electronic service is

6

cbrown@brownrosen.com.

7

On the date below, I electronically served  the foregoing document(s), described as

8

**PLAINTIFF'S RULEE 16.4 MEMORANDUM OF CONTESTED FACTS**

9

10

on each of the interested parties in this action by attaching ☐  the original ☒ a PDF copy thereof addressed as follows:

11

<u>Attorneys for Defendants</u>

12

TRAYLOR LAW OFFICE, PC

13

Michael S. Traylor
601 Lincoln Blvd. 180 Suite 525

14

Los Angeles, CA 90045
(310) 401-6610 office

15

traylorlawoffice@gmail.com

16

      I declare under penalty of perjury under the laws of the Massachusetts that the foregoing is

17

true and correct.  Executed on August 2, 2022, in Boston, MA.

18

19

    Christopher Brown              *Christopher Brown*
_____    _____
                             *Signature*

20

21

22

23

24

25

26

27

28

PLANTIFF'S RULE 16.4 CONTESTED FACTS